UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHIRLEY DELORAS NIXON ELLIMAN,

    Plaintiff,

v.                Case No. 18-cv-1577-pp

MILWAUKEE COUNTY TRANSIT SYSTEM,
ASKEW, RAY FULTON,
and SHERMAN BAKER *a/k/a Obama Barack*,

    Defendants.

---

**ORDER DISMISSING CASE**

---

## I. BACKGROUND

On October 9, 2018, the plaintiff, representing herself, filed a complaint naming "Milwaukee Wi Bus Company MCTS" and "Sam Nash" as defendants. Dkt. No. 1. She also asked the court to allow her to proceed without prepaying the $400 filing fee. Dkt. No. 2.

Magistrate Judge William E. Duffin, to whom the case originally was assigned, granted the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 3. In that same decision, Judge Duffin "screened" the plaintiff's complaint under 28 U.S.C. §1915. Id. He noted that the complaint alleged that defendant Sam Nash "fractured bones in [the plaintiff's] left leg, steals her prescriptions, and placed her personal items outside of an unidentified building." Dkt. No. 3 at 4 (citing dkt. no. 1 at 2). As for the Milwaukee County Transit System, the plaintiff had alleged that it needed to

award her ownership, pay her money, and stop charging her rent, "'because no one else pay rental fee in the dwelling.'" Id. (quoting Dkt. No. 1 at 2). Judge Duffin determined that the plaintiff's allegations were incoherent, and that under Federal Rule of Criminal Procedure 8(a) they did not give the defendants fair notice of what it was the plaintiff was alleging that they had done to harm her. Id. He recognized that he was obligated to liberally construe the complaint but concluded that "no amount of latitude could save [the plaintiff's] claim." Id. at 4. He recommended that this court—Judge Pepper—dismiss the complaint for failure to state a claim. Id. at 5. Judge Duffin's order advised the plaintiff that she could file any written objections with the district court within fourteen days of the date she was served with the order. Id. at 5.

The plaintiff did not file an objection to Judge Duffin's recommendation. A little over a month after the date Judge Duffin issued the order, however, the plaintiff filed an amended complaint. Dkt. No. 4. She did not sign the amended complaint.[1] The amended complaint names "MCTS," "ASKEW," "Sherman Baker Known As Obama-Barack" and "Ray Fulton" as defendants. Dkt. No. 4 at 1. The amended complaint alleges that the Milwaukee County Transit System "claim personal properties thru my social security number and had me evicted from rooming house . . . because I refused to pay rent in area where there are no rent properties[.]" Dkt. No. 4 at 2. It alleges that the plaintiff's court

---

[1] Fed. R. Civ. P. 11 provides that, "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—*or by a party personally if the party is unrepresented.*" (emphasis added).

2

summons and keys to her closet were stolen—she does not say by whom. Id. The plaintiff says that on November 13, 2018, she talked to the "Dept of Age" and "BHDC." Id. Her amended complaint concludes, "I need ownership rites of Bus Company and privacy to be with my husband. I'm four and half months pregnant. I'm financed by U.S. Social Security, SSI and Disability. I've been threatened daily." Id. at 2-3.

## II. DISCUSSION

### A. Standard

Instead of filing an objection to Judge Duffin's recommendation, the plaintiff filed an amended complaint. An amended complaint takes the place of the original complaint. See Duda v. Bd. Of Educ. Of Franklin Park Public School Dist. No. 84, 133 F.3d 1054, 1957 (7th Cir. 1998). Because the plaintiff's amended complaint has taken the place of the original complaint, this court must analyze whether to allow her to proceed on the amended complaint.

When a plaintiff is representing herself, the court must "screen," or review, her complaint. The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous where it

3

"is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint must be intelligible; a court may dismiss an unintelligible complaints for failing to give the defendants notice of what the plaintiff alleges that the defendants did . Lindell v. McCallum, 352 F.3d 1107, 1110 (7th Cir. 2003) (citing Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001)).

A plaintiff does not need to plead every fact supporting her claims; she needs only to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing

4

Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). However, because the plaintiff represents herself, the court holds her to less stringent standards and will liberally construe the allegations of her complaint, "however inartfully pleaded[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007).

B. Analysis

The amended complaint lists four defendants in its caption. Dkt. No. 4. Other than listing them in the caption, the plaintiff does not identify Askew, Sherman Baker or Ray Fulton. She does not make any allegations that these three people did anything to her. As for defendant Milwaukee County Transit System, she alleges that that it claimed personal properties through her Social Security number and evicted her because she did not pay rent "in an area where there are no rent properties." Id. at 2. It is not clear how the MCTS—which runs the buses and streetcars in Milwaukee—could have gotten the plaintiff's Social Security number. She does not say what property the MCTS "claimed." It is not clear how the MCTS could have "evicted" her, and she does not explain. Even if the MCTS evicted her for not paying rent, she does not explain how this is illegal, or how it violates federal law. She does not explain who stole her court summons or the keys close to her closet.

The court concludes that, just like her original complaint, the plaintiff's amended complaint fails to state a claim for which a federal court can grant relief, in violation of Fed. R. Civ. P. 12(b)(6), and does not provide fair notice of

of how the defendants injured her under Fed. R. Civ. P. 8(a). The court must dismiss the plaintiff's complaint.

## III. CONCLUSION

The court **ORDERS** that the plaintiff's amended complaint is **DISMISSED** without prejudice. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 14th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**